IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Agustin Choc Acte, a minor, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JONATHAN HAYES, in his official capacity ) <br> as Director of the Office of Refugee ) <br> Resettlement, KENNETH TOTA, in his ) <br> official capacity as Deputy Director of the <br> Office of Refugee Resettlement, LYNN <br> JOHNSON, in her official capacity as <br> Assistant Secretary for the Administration of <br> Children and Families, ALEX AZAR, in his <br> official capacity as Secretary of the <br> Department of Health and Human Services, <br> JANE DOE, in his/her official capacity as <br> Federal Field Specialist, Office of Refugee <br> Resettlement, <br> <br> Respondents. | 2:05-mc-02025 <br><br> Chief Judge Mark R. Hornak <br><br> 2:20-cv-685 |

**TEMPORARY RESTRAINING ORDER AS TO PETITIONER AGUSTIN CHOC ACTE, A MINOR MALE, CURRENTLY RESIDENT IN THE WESTERN DISTRICT OF PENNSYLVANIA**

AND NOW, this 10th day of May, 2020, the Court hereby enters the following Order: Petitioner filed an Emergency Petition for Writ of Habeas Corpus and Request for Temporary Restraining Order at ECF No. 675, in order to prohibit the removal of Petitioner from the United States. Upon consideration of that Motion, and after a recorded hearing at which time Petitioner was represented by counsel, and counsel from the United States Attorney's Office for this District appeared and participated (and advised the Court that they had communicated with appropriate representatives of Defendants/Respondents), the Motion at ECF No. 675 is GRANTED.

1

## I. BACKGROUND

Petitioner, A.C.A, is an unaccompanied 17-year-old minor citizen of Guatemala in the custody of the U.S. Office of Refugee Resettlement ("ORR"), detained at the Holy Family Institute, located in Pittsburgh, PA. (ECF No. 675, at 3.)

Petitioner was detained by the Department of Homeland Security ("DHS") in December 2018, at the age of 16, while attempting to cross the U.S.-Mexico border with his father. (*Id.*) Upon being released into the community in Houston, Texas, his father sent A.C.A. to live with his paternal cousin in Indianapolis, Indiana. (*Id.*) Petitioner's father remained in Texas, but soon thereafter returned to Guatemala. (*Id.*) When the Petitioner's father left the United States, he took with him all of the immigration court paperwork for the case that also contained his son's information. (*Id.*)

Petitioner has worked several construction jobs since arriving in the United States. (*Id.*) In January of 2020, a police officer stopped him at his work site, asked him about his status and identity, and upon determining the Petitioner was an unaccompanied alien child turned him over to ORR, which on February 1, 2020, placed him at Holy Family Institute in Emsworth, Pennsylvania. (*Id.*) Jewish Family and Community Services (JFCS) is a non-profit legal service provider holding a contract to provide legal services to the Unaccompanied Children at Holy Family Institute. (*Id.*) There is nothing in the record indicating that the Petitioner has violated the criminal laws of the United States or any State.

JFCS provided a Know Your Right's presentation and a legal screening to the Unaccompanied Child within ten (10) days of the child's arrival at Holy Family Institute. (*Id.*) JFCS determined the Petitioner is eligible for relief from removal proceedings through Special Immigrant Juvenile Status. (*Id.* at 4.) As such, JFCS engaged in representation with this

2

Petitioner and filed a Petition for Dependency in family court of Allegheny County. (*Id.*) Family court Judge Eleanor Bush, adjudicated the petitioner as dependent on April 21, 2020. (*Id.*) Simultaneously, JFCS started work on the Petitioner's immigration case and found that the Petitioner had been ordered removed by an Immigration Judge in Houston, Texas, on July 24, 2019. (*Id.*) Petitioner was never sent notice of the hearing and had no knowledge that a removal order had been issued. (*Id.*)

On April 23, 2020, JFCS filed a Motion to Reopen with the Executive Office for Immigration Review in Houston, Texas. (*Id.*) On Saturday, May 9, 2020 at 7:00 p.m., JFCS received a telephone call from the shelter notifying counsel that the Petitioner would be taken from the shelter at 3:00 a.m., Sunday, May 10, 2020, to the border and removed to Guatemala to enforce the Removal Order of July 24, 2019. (*Id.*)

Counsel, upon receipt of this news, contacted the local Immigration and Customs' Enforcement office for additional information and it was confirmed that the Judge in Houston, Texas, had denied the Motion to Reopen on Wednesday, May 6, 2020. (*Id.*) As of the date of this Order, neither Counsel, nor the Petitioner has received any electronic or paper copy of the order, and has not had an opportunity to review the decision and/or appeal. (*Id.*) Counsel intends to appeal the May 6, 2020, decision to the Bureau of Immigration Affairs ("BIA") as soon as they are able to obtain a copy of the immigration court's decision. (*Id.*)

Claiming the absence of elemental procedural due process, and the fact that a BIA appeal will be filed once the decision has been received and reviewed, A.C.A. seeks through this petition to preserve the status quo pending the ultimate resolution of the claims in his BIA motion. (*Id.* at 5.) In addition, if ORR causes his summary removal to Guatemala while those claims are pending, Petitioner alleges that his ability to pursue relief in the U.S. immigration

3

system and the courts will be irreparably harmed. Therefore, Petitioner requests a limited, protective stay of removal from Holy Family Institute and from the United States in general. (*Id.*) The Petitioner additionally alleges that he remains in detention and therefore poses neither a danger to the community nor a flight risk. (*Id.*)

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 65(b), a court may issue a temporary restraining order if specific facts are "shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant."

The standard for obtaining a temporary restraining order is the same as that for a preliminary injunction. *Friedberg v. Burns*, No. 93-6626, 1993 WL 533361, at 3 (E.D. Pa. Dec. 16, 1993). Plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) the probability of irreparable harm if the relief is not granted; (3) that granting injunctive relief will not result in even greater harm to the other party; and (4) that granting relief will be in the public interest. *Frank's GMC Truck Center, Inc. v. G.M.C.*, 847 F.2d 100, 102 (3rd Cir. 1988); *Ecri v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3rd Cir. 1987).

Generally, absent good cause or consent, such a temporary restraining order must expire within fourteen (14) days. Fed. R. Civ. 65(b)(2). Importantly, temporary restraining orders are ordinarily aimed at temporarily preserving the status quo. "[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Hope v. Warden York Cty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020).

In this case, Respondents have received notice in that representatives from the United States Attorney's Office received the Motion (at the same time the Court did) and participated in

the telephonic hearing held on May 10, 2020. While that "notice" has occurred such that this Motion is not a traditional temporary restraining order, the Court will treat this particular Motion as subject to a modest temporal limitation. The temporary restraining order will expire at 5:00 p.m. on May 22, 2020.

### A. Likelihood of Success on the Merits

First, Petitioner moves pursuant to the Due Process Clause of the Fifth Amendment to the U.S. Constitution. Pursuant to that provision, noncitizens have the right to a fair proceeding before being removed from the United States. *See, e.g.*, *Reno v. Flores*, 507 U.S. 292, 306 (1993); *Khouzam v. Ashcroft*, 549 F.3d 235, 256–57 (3d Cir. 2008); *see also* 8 U.S.C. § 1229a(c)(4).

The Supreme Court has explained that "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Our Circuit has found that due process guarantees three (3) basic things in the removal context:

> First, an alien facing removal "is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her." This includes a "reasonable opportunity to present evidence on [his or her] behalf." Second, the alien "must be allowed to make arguments on his or her own behalf." Third, the alien "has the right to an individualized determination of his or her interests." These elements are predicated upon the existence of a "neutral and impartial" decisionmaker.

*Khouzam v. Attorney Gen. of U.S.*, 549 F.3d 235, 257 (3d Cir. 2008) (internal citations omitted).

Here, the Petitioner has made out a sufficient likelihood of success on the merits of his claim that his relocation and further proceedings as to his removal from the United States would be contrary to the Constitution and laws of the United States. Based on the information relayed at the telephonic hearing before the Court, Petitioner has had no opportunity to receive notice or participate in the removal proceedings against him.

5

### B. Irreparable Harm

"Establishing a risk of irreparable harm is not enough." *Ecri*, 809 F.2d at 226. Rather, the movant must make a "clear showing of immediate irreparable injury." *Id.* In addition, the harm must be so peculiar in nature that money cannot compensate for the harm. *Id.*

Here, the harm in this case is about as certain as it can get. Denial of Petitioner's request would result in his forced relocation from this District by federal immigration officials at 3:00 am EDT this date to Brownsville, Texas. In addition, the Petitioner has no family or adults looking out for his interests other than is counsel in this District, in that he is resident at the Holy Family Institute within this judicial district by the approval of the Court of Common Pleas of Allegheny County (PA). In sum, the Petitioner would have no proximity or contact with any of the adults who currently are looking out for his interests, such that he would not be able to adequately assert his rights under the laws of the United States Constitution relative to his ability to remain in the United States.

### C. Harm to the Other Party

The Court is unable to identify any harm to the Respondents if the status quo is preserved in this case. Allowing for a methodical and meaningful determination of the Petitioner's ability to remain in the United States would be in the best interest of all.

### D. Public Interest

Additionally, it is not in the interest of United States citizens in general that the minor Petitioner go through what is set out in the Motion at ECF No. 675. The public interest in this case is served by slowing down the matters set forth in that filing so that these important issues can be fully litigated.

### III. CONCLUSION

All findings and conclusions made by the Court on the record during the recorded telephone hearing are further made part of the record in support of this TRO.

**All respondents/defendants in this action (along with all officers, agents, servants, employees, or attorneys of any of them), along with all other officers of the United States involved or to be involved in any manner with the actual or potential relocation of the Petitioner from this District, along with all other persons and entities who are or may be in active concert with any of them are hereby strictly restrained and enjoined from taking any action, or permitting any action to be taken, that would cause the physical location of the Petitioner, Agustin Choc Acte to be at any place other than the Holy Family Institute located in this judicial district.**

**Said Petitioner shall remain at the Holy Family Institute and within this judicial district during the duration of this Order and any extension thereof, unless otherwise ordered by this Court. The Court finds and concludes that security in the amount of fifty ($50) dollars is fully sufficient to secure this TRO pursuant to Fed. R. Civ. P. 65. This TRO shall expire at 5:00 p.m. EDT, May 22, 2020, unless otherwise extended by Order as may be permitted by law.**

**Counsel for the Respondents are to cause copies of this Order to be transmitted to the appropriate parties immediately, including by electronic means. In addition, counsel for the Petitioner is to cause a copy to be delivered to Holy Family Institute immediately, including by electronic means.**

**Entered at Upper Saint Clair PA at 1:42 a.m. May 10, 2020.**

                                                   s/ Mark R. Hornak
                                                   Mark R. Hornak
                                                   Chief United States District Judge

cc:     All counsel of record